UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN CARSON,

    Petitioner,

v.                                                CASE NO. 6:95-cv-533-Orl-19

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on the following motions:

1.    Petitioner's Motion for Leave and Relief Pursuant to Rule 60(b)(6) (Doc. No. 5, filed April 11, 2006) is **DENIED**.

In *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2651 (2005), the United States Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 should not be characterized as a second or successive petition pursuant to 28 U.S.C. § 2244(b) "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 2651.  The Eleventh Circuit Court of Appeals has determined that *Gonzalez'* "holding and rationale apply equally to § 2255 . . . ." *See United States v. Terrell,* 141 Fed.App'x. 849, 851 (11th Cir. 2005).

Petitioner's section 2255 motion was dismissed with prejudice.  The claim raised in the present motion was raised in Petitioner's prior section 2255 motion and is merely an

attempt to reassert a claim of error in his federal conviction. Under the circumstances, the present Rule 60(b) motion should be treated as a second or successive section 2255 motion.[1] *See id*.

Before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255. Consequently, this motion will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that section 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion. Furthermore, 28 U.S.C. section 2255 also imposes a time limitation on the filing of a section 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

2. Petitioner's Motion to Appoint Counsel (Doc. No. 6, filed April 12, 2006) is **DENIED**.

**DONE AND ORDERED** in Chambers at Orlando, Florida this  13th  day of April, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] To the extent that Petitioner has raised different issues, he still is attempting to assert claims of error in his federal conviction.

Copies to:
pslc 4/13
Counsel of Record
Brian Carson